**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN ASSOCIATION OF PEOPLE WITH DISABILITIES *et al.*<br><br>*Plaintiffs*,<br><br>v.<br><br>LELAND DUDEK, *in his official capacity as Acting Administrator of the Social Security Administration, et al.*<br><br>*Defendants.* | Civil Action No.  1:25-cv-00977 |

## <u>PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION</u>

Plaintiffs are disabled Americans and organizations representing individuals with disabilities. They bring this action to stop the unprecedented and illegal dismantling of the Social Security Administration, which provides benefits to some 73 million people, most of whom have disabilities. Plaintiffs, by their undersigned counsel and pursuant to Fed. R. Civ. P. 65 and 42 U.S.C. § 12188(a)(2), move the Court for a preliminary injunction against the Defendants, federal government agencies and officials, prohibiting them from violating Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, and the Administrative Procedure Act, 5 U.S.C. § 706(2)(A)–(C). Injunctive relief is necessary to revoke the elimination of the Office of Civil Rights and Equal Opportunity ("OCREO") and the Office of Transformation within the Social Security Administration ("SSA"), revoke the reduction of SSA offices, cease the mass termination of SSA employees, and roll back recent policies that increase applicants' and beneficiaries' need to seek services in person, until Defendants can ensure that doing so will not result in reduced

access to SSA programs and services. Preliminary relief is urgent to preserve the status quo by ensuring that Plaintiffs do not suffer irreparable harm while this case proceeds.

As set forth more fully in the attached Memorandum of Points and Authorities, a preliminary injunction is necessary because Plaintiffs are likely to succeed on the merits in demonstrating that the termination of the OCREO and Office of Transformation, the reduction of SSA offices, and the elimination of 7,000 employees, along with the implementation of new policies requiring in-person services in local field offices, disproportionately impact people with disabilities. They are likely to suffer irreparable injury if they are unable to timely obtain the protections and services of SSA. The eradication of OCREO and Office of Transformation, the reduction of offices, imposition of in-person service requirements, and the termination of numerous employees threaten Plaintiffs' rights to protection from discrimination, to fair administrative procedures, and to due process. These injuries far outweigh any damage or inconvenience to Defendants. Finally, ensuring Plaintiffs are given an accessible avenue by which they may file their discrimination complaints with SSA and receive timely services from SSA is well within the public interest because it promotes the fair and equal access to Social Security benefits.

WHEREFORE, Plaintiffs request that their Motion be granted and that the Court issue an immediate preliminary injunction against Defendants.

Dated: April 2, 2025                          Respectfully submitted,


                                              _____/s/_____
                                              Eve L. Hill (DC Bar No. 424896)
                                              **BROWN GOLDSTEIN & LEVY, LLP**
                                              120 E. Baltimore St., Suite 2500
                                              Baltimore, MD 21202
                                              Tel: (410) 962-1030

Fax: (410) 385-0869
ehill@browngold.com

Regan Bailey (DC Bar No. 465677)
**JUSTICE IN AGING**
1444 Eye Street, N.W., Suite 1100
Washington, DC 20005
Tel: (202) 289-6976
rbailey@justiceinaging.org