**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN ASSOCIATION OF PEOPLE WITH DISABILITIES, *et al.* | |
| *Plaintiffs*, | |
| v. | Civil Action No. 25-cv-00977 (APM) |
| LELAND DUDEK, *in his official capacity as Acting Commissioner of the Social Security Administration, et al.* | |
| *Defendants.* | |

<u>**JOINT STATUS REPORT ON THE BRIEFING SCHEDULE FOR PLAINTIFFS'**</u>
<u>**MOTION FOR PRELIMINARY INJUNCTION**</u>

Plaintiffs American Association for People with Disabilities, National Federation of the Blind, National Committee on the Preservation of Social Security and Medicare, Deaf Equality, Massachusetts Senior Action Council, Wilshawn Tiller, Elizabeth Rouse, Treva Olivero, Martha Hazen, Merry Schoch, Deja Powell, and William Weiss (collectively, "Plaintiffs") and Defendants Leland Dudek, Social Security Administration ("SSA"), Elon Musk, Amy Gleason, and the Department of Government Efficiency ("DOGE") (collectively, "Defendants") (collectively, "the Parties"), by their undersigned counsel and pursuant to the Court's Minute Order, entered on Apr. 4, 2025, hereby submit a Joint Status Report regarding the briefing schedule for Plaintiffs' Motion for a Preliminary Injunction.

**Joint Statement:**

1.      Plaintiffs filed the Complaint, ECF No. 1, Motion for Preliminary Injunction, ECF No. 2, and supporting documentation on April 2, 2025.

2.      On April 4, 2025, this Court ordered the Parties to attempt to meet and confer and, by April 8, 2025, propose a schedule for briefing on Plaintiffs' Motion for Preliminary Injunction.

3.      Counsel for Plaintiffs and Defendants exchanged e-mail correspondence on April 7, 2025, and met and conferred on the morning of April 8, 2025. Despite their efforts, the Parties were unable to reach agreement on a briefing schedule for the Motion for Preliminary Injunction, and set forth their respective positions below.

**Plaintiffs' Position**:

4.      On April 5, 2025, Plaintiffs filed a declaration that had been unintentionally omitted from their Motion for Preliminary Injunction. On April 7, 2024, Plaintiffs filed an additional declaration, which is not referenced in their Motion for Preliminary Injunction and is not essential for its adjudication.

5.      Based on Local Rule 65(c), Defendants' opposition to Plaintiffs' Motion for Preliminary Injunction would be due seven days after Plaintiffs' filing, on April 19, April 12, or April 14, depending on whether Plaintiffs' additional declarations are taken to extend the date of their filing.

6.      Plaintiffs propose that Defendants' opposition be due April 11, 2025, which would give Defendants nine days from the date of Plaintiffs' substantive filing. This matter is urgent because Defendants' actions are already negatively impacting Plaintiffs and other Social Security beneficiaries, and will continue to do so without court intervention.[1] These harms will only worsen

---

[1] *See, e.g.,* Tami Luhby, *Social Security targets tech team for cuts at a time when systems are under strain,* CNN (April 4, 2025), https://www.cnn.com/2025/04/04/politics/social-security-tech-team-layoffs/index.html; Jason Ma, *Millions of Social Security recipients got erroneous messages that their payments stopped as computer systems keep glitching*, Fortune (April 7, 2025), https://fortune.com/2025/04/07/social-security-payments-stopped-error-message-ssi-computer-system-crashes/ (quoting a former SSA employee who stated, "You lose staff that have the institutional knowledge, and when something happens, you can't recover, or it takes you a lot

as Defendants implement the policy changes challenged in this lawsuit. Plaintiffs believe Defendants' response to the Motion for Preliminary Injunction cannot wait beyond this week given SSA's ongoing cascade of policy changes.

7.      Specifically, SSA's policies regarding identity verification go into effect April 14, 2025. This change will result in even more people needing to access SSA staff at local field offices. In addition, employees who have accepted voluntary separation will be removed by April 19, 2025. The loss of employees under Defendants' planned workforce reduction is projected to result in wait times nearly double today's figures—leading to the loss of 67,000 lives while they await initial disability determinations. U.S. Sen. Bernie Sanders, Minority Staff Report, *Musk's Social Security Administration Cuts: Longer Wait Times, More People will die Waiting for Disability Benefits*, U.S. Sen. Subcomm. On Soc. Sec., Pensions, and Family Policy (Mar. 26, 2025), https://www.sanders.senate.gov/wp-content/uploads/SSA-DOGE-Impact-Report.pdf (hereinafter "Minority Staff Report").

8.      Meanwhile, other cuts to agency programs and personnel are inflicting permanent damage on benefit determination wait times, delays in appointment scheduling at field offices, and other obstruction of access to benefits. *See, e.g.,* Jacob Leibenluft, Devin O'Connor, and Kathleen Romig, *Trump Administration, DOGE Activities Risk SSA Operations and Security of Personal Data,* CTR. ON BUDGET AND POL'Y PRIORITIES (Apr. 1, 2025), https://www.cbpp.org/research/social-security/trump-administration-doge-activities-risk-ssa-operations-and-security-of; Lisa Rein, *Social Security faces thousands more job cuts even with service in tailspin*, WASH. POST (Apr. 4, 2025)

---

longer to recover. The implication is American people get degraded services on the tech side because people internally are understaffed.").

https://www.washingtonpost.com/politics/2025/04/04/social-security-layoffs-trump-musk/;

Minority Staff Report, *supra*, at 2.

9.      Plaintiffs maintain that, without this Court's rapid intervention, Plaintiffs and similarly situated people with disabilities, elderly people, and others on the cusp of poverty will suffer grave harms when their benefit payments are disrupted, when they cannot access their accounts, and when they are otherwise unable to seek the help they need. The consequences cannot be overstated.

10.     Plaintiffs also seek leave to file a reply brief within three days after Defendants' opposition.

**Defendants' Position:**

11.     Defendants respectfully submit that Plaintiffs' proposed schedule is unreasonably compressed under the circumstances, and suggest an alternative schedule that is only slightly more extended but would better facilitate comprehensive briefing and avoid the rushed consideration of Plaintiffs' claims.

12.     Plaintiffs challenge workforce reductions at the Social Security Administration (SSA) and the closure of two offices at SSA headquarters—the Office of Transformation and the Office of Civil Rights and Equal Opportunity ("OCREO")—claiming that these steps may affect the accessibility of SSA benefits and services.  But these steps took place *more than a month* before Plaintiffs sought the Court's intervention.  By Plaintiffs' own account, the Office of Transformation was closed on February 24.  Pls.' Mot. for Prelim. Inj., ECF No. 2-1, at 14-15 (citing Press Release, SSA, Social Security Eliminates Wasteful Department (Feb. 24, 2025), https://perma.cc/YEA8-PBG6).  OCREO was closed on February 25.  *Id*. at 12-13 (citing Press Release, SSA, Social Security Dissolves Duplicative Office (Feb. 25, 2025), https://perma.cc/UZL3-7C5B).  And the

workforce reductions were announced on February 28. *Id*. at 7 (citing Press Release, SSA, Social Security Announces Workforce and Organization Plans (Feb. 28, 2025), https://perma.cc/L7D8-APHY); *see id*. at 7 (asserting that nearly 2,500 employees had opted for voluntary separation as of April 1) (citing Press Release, SSA, The Social Security Administration's Workforce Update, https://perma.cc/3UWS-QG3U). Thus, at this point, the interim relief that Plaintiffs request—that the Court enter an injunction "returning SSA" to its "status" on "February 24, 2025," *id*. at 20—would not preserve the status quo, but upend it.

13.    Moreover, while Plaintiffs filed their motion on April 2, they did not effect service of a summons on the U.S. Attorney's Office until April 4. ECF No. 15. They then attempted to belatedly supplement their motion with additional factual declarations on April 5 and April 7 without leave of the Court, contrary to the local rules. ECF Nos. 11, 12; *see* LCvR 65.1(c) ("An application for a preliminary injunction . . . shall be supported by all affidavits on which the plaintiff intends to rely. . . . Supplemental affidavits either to the application or the opposition may be filed only with permission of the Court."). Thus, if Plaintiffs' belated declarations are to be considered, Defendants' default deadline to respond should not be understood to run before April 14, seven days after Plaintiffs completed their application. *See id*.

14.    Beyond that date, Defendants respectfully seek just four additional days, until April 18, to respond to Plaintiffs' motion. Undersigned counsel were assigned to this case only on the afternoon of April 4, and are simultaneously continuing to work on other emergency litigation. They will also be unavailable due to a religious holiday for portions of April 13 and 14. And Defendants respectfully submit that this modest request would not prejudice Plaintiffs, who took over a month to develop the various legal theories set forth in their 48-page complaint, 41-page brief, and no fewer than 19 declarations.

15.    For these reasons, Defendants respectfully request that the Court set April 18 as
their deadline to oppose Plaintiffs' motion for a preliminary injunction.

//

//

//

//

//

//

Dated: April 8, 2025
Respectfully submitted,

/s/ Eve L. Hill
Eve L. Hill (DC Bar No. 424896)
Anthony May (*pro hac vice* pending)
120 East Baltimore Street, Suite 2500
Baltimore, Maryland 21202
Tel.: (410) 962-1030
Fax: (410) 385-0869
ehill@browngold.com
amay@browngold.com

Regan Bailey (DC Bar No. 465677)
**JUSTICE IN AGING**
1444 Eye Street, N.W. Suite 1100
Washington, DC 20005
Tel.: (202) 289-6976
rbailey@justiceinaging.org

Liam McGivern (*pro hac vice* pending)
**JUSTICE IN AGING**
9555 SW 175th Ter # 665
Palmetto Bay, FL 33157-5604
202-792-3680
lmcgivern@justiceinaging.org

*Attorneys for Plaintiffs*

YAAKOV M. ROTH
Acting Assistant Attorney General

ERIC BECKENHAUER
Assistant Director, Federal Programs Branch

*/s/ Steven M. Chasin*
STEVEN M. CHASIN
PIERCE J. ANON
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC 20044
Phone: (202) 305-0747
Email: Steven.M.Chasin2@usdoj.gov

*Counsel for Defendants*