IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN ASSOCIATION OF PEOPLE WITH DISABILITIES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LELAND DUDEK, *in his official capacity as Acting Commissioner of the Social Security Administration*, *et al.*, <br><br> Defendants. | No. 25-cv-977 (APM) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS'
MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATIONS**

Plaintiffs' preliminary injunction motion did not address standing. Since that motion was filed, they have attempted to supplement it with new declarations on three separate occasions. This is the first time they have sought leave to do so. Their request should be denied.

Plaintiffs claim to be responding to the standing objections raised in Defendants' opposition. But of their 11 newest declarations—on top of their 19 prior ones—four predate the filing of Defendants' brief. One was executed before even the complaint was filed. And almost all are from nonplaintiffs—none are from the individual Plaintiffs, and just three are from the Plaintiff organizations.

This is not how the adversarial process is supposed to work. It is well established that a plaintiff must ordinarily meet its burden to show standing in its opening brief. This background principle is consistent with the local rules, which do not speak of replies in support of preliminary injunction motions at all, much less of new declarations in support of replies. And Plaintiffs fail to show good cause for a third chance to belatedly supplement their motion here. Their attempt to present Defendants—and the Court—with a constantly moving target should be rejected.

1

**BACKGROUND**

Plaintiffs filed their Complaint and Motion for Preliminary Injunction on April 2. ECF Nos. 1, 2. They attached 17 declarations to their motion. ECF Nos. 2-2–2-18. Over the course of the next week, Plaintiffs twice attempted to belatedly supplement their motion with additional declarations, on April 5 and April 7. ECF Nos. 11, 12. Despite the requirements of Local Rule 65.1(c), they did not seek leave of Court in either instance. *See* LCvR 65.1(c) ("An application for a preliminary injunction . . . shall be supported by all affidavits on which the plaintiff intends to rely. . . . Supplemental affidavits either to the application or the opposition may be filed only with permission of the Court.").

On April 9, the Court directed Defendants to respond to Plaintiffs' motion by April 16, and permitted Plaintiffs to file a reply by April 21. Minute Order (Apr. 9, 2025). On April 16, Defendants timely filed their opposition, arguing in part that Plaintiffs had failed to meet their burden to show standing—and, indeed, had failed even to address the issue in their motion. ECF No. 28 at 10 ("[Plaintiffs'] motion does not even mention the word standing—perhaps because any possible theory fails.").

On April 21, together with their reply, Plaintiffs moved for leave to file an additional 11 declarations. Four of these declarations were executed before Defendants filed their opposition on April 16, ECF Nos. 29-2 (dated April 10), 29-6 (April 10), 29-9 (April 15), including one signed before Plaintiffs even filed this lawsuit, ECF No. 29-10 (April 1). Yet another describes exhibits gathered well before the filing of Defendants' opposition, though it was executed later. ECF No. 29-7 ¶ 3 (describing exhibits gathered "[o]n April 7"). And only three of the new declarations are from a named Plaintiff—none of them individuals. ECF Nos. 29-8 (NCPSSM), 29-10 (AAPD),

29-11 (MSAC). Although the Court has not granted them leave, Plaintiffs extensively integrated these new declarations into their reply. *See* ECF No. 29 at pp. 2, 4, 7-9, 19, 22.

## ARGUMENT

Plaintiffs make only the barest of attempts to justify their submission of yet another batch of belated declarations and "have failed to show good cause to grant them a second opportunity to show standing." *Green Oceans v. U.S. Dep't of Interior*, No. 24-141, 2024 U.S. Dist. LEXIS 110396, *3 (D.D.C. June 24, 2024) (Lamberth, J.).

"The D.C. Circuit has repeatedly underscored that 'a petitioner may not wait to attempt to meet its burden of demonstrating standing until after the respondent contests the issue.'" *Id.* at *9 (quoting *Ohio v. Env. Prot. Agency*, 98 F.4th 288, 300 (D.C. Cir. 2024)). "That is because 'the ordinary rules of forfeiture apply to standing,' including 'the basic precept that arguments generally are forfeited if raised for the first time in reply.'" *Id.* (quoting *Twin Rivers Paper Co. v. Sec. & Exch. Comm'n*, 934 F.3d 607, 615 (D.C. Cir. 2019) (internal quotation and citation omitted)). This is "consistent with the spirit and letter of the Local Rules," *id.*, which provide that "'an application for a preliminary injunction . . . shall be supported by all affidavits on which the plaintiff intends to rely' and '[s]upplemental affidavits . . . may be filed only with permission of the Court,'" *id.* (quoting LCvR 65.1(c)). Indeed, while "Local Civil Rule 65.1(c) provides for oppositions to applications for preliminary injunctions, [it] says nothing about replies." *Id.* at *11 n.5. Thus, "absent 'good cause shown,' a petitioner whose standing is not readily apparent must show that it has standing in 'its opening brief.'" *Ohio*, 98 F.4th at 300 (quoting *Sierra Club v. Env. Prot. Agency*, 292 F.3d 895, 900-01 (D.C. Cir. 2002)).

As Plaintiffs acknowledge, "the D.C. Circuit has found such good cause in two circumstances: where [1] 'the parties reasonably, but mistakenly, believed that the initial filings

3

before the court had sufficiently demonstrated standing' … and [2] "where the parties reasonably assumed that [their] standing was self-evident from the administrative record.'" *Green Oceans*, 2024 U.S. Dist. LEXIS 110396, at *10 (quoting *Twin Rivers Paper*, 934 F.3d at 614 (cleaned up)); *see* Pls.' Mot. ¶ 6 (quoting *Twin Rivers*). Plaintiffs do not invoke the second of these circumstances—they nowhere claim that their standing is "self-evident"; no "administrative record" has been submitted; and any such assumption could not be "reasonable," particularly given that the core of their challenge is to the indirect effects of workforce reductions and other administrative reforms.

Plaintiffs therefore appear to rest on the first circumstance—a reasonable but mistaken belief that standing was sufficiently shown in their opening brief. But instead of meaningfully attempting to apply this test, Plaintiffs simply state:

> Good cause supports this motion. Plaintiffs asserted standing on behalf of each individual and organization in its original filings, *See* ECF 2-1, and supporting declarations. Plaintiffs maintain that those pleadings are sufficient to establish standing.

Pls.' Mot. ¶ 7. This explanation falls short for multiple reasons.

First, while Plaintiffs claim (at Pls.' Mot. ¶ 7) that they "asserted standing on behalf of each individual and organization in its original filings"—using a "*see*" cite to "ECF 2-1," which is their memorandum in support of their preliminary injunction motion—that is inaccurate. In fact, their brief said *nothing* about standing, as Defendants pointed out in their opposition.[1] It is difficult to see how Plaintiffs could have "sufficiently demonstrated" standing in their opening brief without even mentioning the topic, and their belated attempt to carry this burden on reply is inappropriate.

---

[1] The Complaint contains just a passing reference to standing of the organizational plaintiffs. *See* Compl. ¶ 18 ("Organizational Plaintiffs bring this action on behalf of themselves and their current and future members with disabilities who rely on Social Security programs and benefits and who have either already suffered harm or are at imminent risk due to Defendants' actions.").

4

*See Green Oceans*, 2024 U.S. Dist. LEXIS 110396, at *9 ("'[A] petitioner may not wait to attempt to meet its burden of demonstrating standing until after the respondent contests the issue.'") (quoting *Ohio*, 98 F.4th at 300); *id*. at *12-13 ("[I]n their motion for relief, [plaintiffs] made little effort to show standing or anticipate obvious arguments against their standing. Plaintiffs therefore could not have reasonably believed their initial filings adequately demonstrated standing.").

Second, Plaintiffs fail to explain why many of these declarations were executed *before* Defendants filed their opposition on April 16, ECF Nos. 29-2 (dated April 10), 29-6 (April 10), 29-9 (April 15), with one—from Maria Town, the Executive Director of the lead Plaintiff—even predating Plaintiffs' initiation of the lawsuit, ECF No. 29-10 (April 1). Plaintiffs assert that they "inadvertently did not file" the Town declaration when they filed their preliminary injunction motion on April 2. Pls.' Mot. ¶ 9. But Plaintiffs used the same explanation weeks ago with respect to their first late-filed declaration. Joint Status Report (Apr. 8, 2025), ECF No. 19, ¶ 4 ("April 5 . . . declaration" was "unintentionally omitted"). And they offer no explanation at all for why the others were not submitted in a timely manner. The same is true of the McGivern declaration, in which Plaintiffs' counsel describes obtaining two new exhibits on April 7, a week before Defendants filed their opposition, with no explanation why they waited until April 21 to submit them. ECF No. 29-7 ¶ 3.[2]

Third, even if this were a case where supplemental declarations could be said to "'definitively lock in standing'" that was "'nearly established already,'" *Green Oceans*, 2024 U.S. Dist. LEXIS 110396, at *13 (quoting *Nat'l Council for Adoption v. Blinken*, 4 F.4th 106, 111 (D.C.

---

[2] While Exhibit 2 to the McGivern declaration purports to "show[] that around 40 field offices throughout the United States are losing over a quarter of their staff," ECF No. 29-7, ¶ 5, Ex. 2, the Social Security Administration has "approximately 1,230 field offices," https://perma.cc/XS2F-85K6, and no connection between the small fraction (3.25%) of allegedly affected field offices and any individual Plaintiff is offered.

Cir. 2021))—and it is not—Plaintiffs fail to connect the dots. The vast majority of the new declarations are from nonplaintiffs, and are thus of dubious if any relevance to the standing inquiry. Despite Defendants' focus on the standing of the individual Plaintiffs, from which any associational standing would necessarily derive, *see* Defs.' Opp'n at 10-15 & n.1, none of the new declarations are from individual Plaintiffs. The only three of the new declarations that are actually from named Plaintiffs—the Town Declaration (ECF No. 29-10), the Villers Supplemental Declaration (ECF No. 29-11), and the Richtman Supplemental Declaration (ECF No. 29-8)—appear designed to support Plaintiffs' new argument for organizational standing, raised for the first time in their reply. Pls.' Reply at 7-10. But the D.C. Circuit "does not 'permit reply affidavits that propose a new theory of injury—whether obvious or not.'" *Green Oceans*, 2024 U.S. Dist. LEXIS 110396, at *14 (quoting *Twin Rivers*, 934 F.3d at 615)). In any event, none of the new declarations appears to identify a named Plaintiff who has actually been denied Social Security benefits or been unable to file a specific complaint or request for accommodation; at most, they largely amount to anecdotes about customer service issues (e.g., wait times and website glitches) lacking a demonstrable connection to recent changes at the agency, as opposed to preexisting issues.

If Plaintiffs were granted leave, "fairness would require" allowing Defendants an opportunity to respond through a sur-reply. *Green Oceans*, 2024 U.S. Dist. LEXIS 110396, at *14-15. After all, Plaintiffs had five days to review Defendants' opposition and craft declarations for litigation advantage. But the Court need not "sit at the center of an endless merry-go-round of motion papers," and instead should simply deny the motion. *Id.* at *15.

## CONCLUSION

The Court should deny Plaintiffs' Motion for Leave and disregard portions of their reply that inappropriately rely on the new declarations.

Dated: April 25, 2025                                    Respectfully submitted,

                                                      YAAKOV M. ROTH
Acting Assistant Attorney General

ERIC BECKENHAUER
Assistant Director, Federal Programs Branch

*/s/ Steven M. Chasin*
STEVEN M. CHASIN
PIERCE J. ANON (N.Y. Bar # 6184303)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005

*Counsel for Defendants*