UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| AMERICAN ASSOCIATION OF PEOPLE WITH DISABILITIES, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> LELAND DUDEK, *in his official capacity as Acting Administration of the Social Security Administration*, *et al.*, <br><br> Defendants. | Case No. 25-cv-00977 (APM) |

**MEMORANDUM OPINION AND ORDER**

**I.   INTRODUCTION**

Plaintiffs in this case are advocacy groups and disabled individuals who seek to preliminarily enjoin a host of changes taking place at the Social Security Administration ("SSA").[1] Those actions include workforce reductions, closure of field offices, and dissolution of the Office of Civil Rights and Equal Opportunity ("OCREO") and the Office of Transformation, all of which Plaintiffs claim undermine the administration of benefits. Because Plaintiffs have failed to establish irreparable harm, their motion is denied.

**II.   LEGAL STANDARD**

A preliminary injunction is an "extraordinary" remedy that "should be granted only when the party seeking the relief, by a clear showing, carries the burden of persuasion." *Cobell v.*

---

[1] The advocacy group Plaintiffs include the American Association of People with Disabilities, the National Federation of the Blind, Deaf Equality, the National Committee to Preserve Social Security and Medicare, and Massachusetts Senior Action Council [hereinafter, the "Organizational Plaintiffs"]. The individual plaintiffs are Elizabeth Rouse, Treva Olivero, Martha Hazen, Merry Schoch, William Weiss, Deja Powell, and Wilshawn Tiller [hereinafter, the "Individual Plaintiffs"].

*Norton*, 391 F.3d 251, 258 (D.C. Cir. 2004) (citation omitted). To prevail, a moving party must demonstrate that (1) they are "likely to succeed on the merits"; (2) they are "likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in [their] favor"; and (4) "an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). Because the court resolves Plaintiffs' motion on the element of irreparable harm, it does not address the other three factors.

Irreparable harm "is the *sine qua non* for obtaining a preliminary injunction—it is what justifies the extraordinary remedy of granting relief before the parties have had the opportunity fully to develop the evidence and fully to present their respective cases." *M3 USA Corp. v. Qamoum*, No. 20-cv-2903 (RDM), 2021 WL 2324753, at *19 (D.D.C. June 7, 2021) (citation omitted). In this Circuit, it is a "high standard" to meet. *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006). "[T]he injury 'must be both certain and great; it must be actual and not theoretical.'" *Id.* (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985)). Also, "the injury must be beyond remediation." *Id.* "The possibility that adequate compensatory or other corrective relief will be available at a later date . . . weighs heavily against a claim of irreparable harm." *Id.* at 297–98 (quoting *Wis. Gas*, 758 F.2d at 674). Finally, "[b]are allegations of what is likely to occur" and "conclusory assertions of potential loss" will not suffice. *Wis. Gas*, 758 F.2d at 674; *M3 USA Corp.*, 2021 WL 2324753, at *19 (citation omitted). If the moving party fails to substantiate its claim of irreparable harm, it is not entitled to injunctive relief. *Chaplaincy of Full Gospel Churches*, 454 F.3d at 297 (citation omitted).

### III. ANALYSIS

Plaintiffs advance a few types of irreparable harm. At the outset, Plaintiffs assert that "[r]eceiving Social Security benefits is the difference between life and death for many Americans

with disabilities," as timely receipt of payment can mean "the difference between paying rent and eviction, between eating and hunger, and between paying bills or falling into debt." Mem. of P&A in Supp. of Pls.' Mot. for a Preliminary Injunction, ECF No, 2-1 [hereinafter "Pls.' Mot."], at 34 (citations omitted).  Next, Plaintiffs contend that systematic denial of timely access to Social Security benefits violates "their statutory rights and caus[es] irreparable harm." *Id*. at 35.  Further, Plaintiffs maintain that "delays and barriers resulting from SSA's workforce reductions and policies have already strained its remaining staff and will continue to do so, directly harming claimants and beneficiaries" through the delay or denial of benefits, longer processing times, greater backlogs, increased call wait times, and difficulties in scheduling in-person appointments. *Id*. at 35–36.  Finally, Plaintiffs claim that the dissolution of OCREO will interfere with the receipt and review of discrimination complaints and requests for accommodation, and the elimination of the Office of Transformation will compound the adverse impacts.  *Id*. at 37–38.

The court shares Plaintiffs' concerns about the effects of the challenged actions on the SSA's capacity to deliver services, but the law requires more than what they have offered to award the extraordinary intervention of injunctive relief.[2]

A. **Individual Plaintiffs**

The first hurdle Plaintiffs face is that no Individual Plaintiff has shown that they are at actual and imminent risk of suffering great harm.  *See Chaplaincy of Full Gospel Churches*, 454 F.3d at 297.  Individual Plaintiffs largely complain about matters that predate the administrative actions at issue.  *See, e.g.*, Decl. of Treva Olivero, ECF No. 2-3 [hereinafter, "Olivero Decl."], ¶¶ 9–15 (highlighting termination of benefits in March 2024 and September 2024); Decl. of Martha Hazen, ECF No. 2-4, ¶¶ 9–17 (discussing denial of application in September 2024, and

---

[2] The court declines to consider any declaration submitted by Plaintiffs for the first time with their reply brief to support the irreparable harm inquiry.  *See Nguyen v. Dep't of Homeland Sec.*, 460 F. Supp. 3d 27, 34 (D.D.C. 2020).

long wait times involved with resolving the issue); Decl. of Merry Schoch, ECF No. 2-5 [hereinafter, "Schoch Decl."], ¶¶ 10–18 (discussing denial of benefits in August 2024, and difficulties submitting an application leading to a burdensome December 2024 appointment).  To the extent that some Plaintiffs identify more recent wait times or difficulties contacting the SSA, they have not shown how such delays are "great." *See, e.g.*, Schoch Decl. ¶¶ 21–22 (discussing unsuccessful March 2025 phone call to SSA's 800-number and lack of available appointments until May 2025); Decl. of Deja Powell, ECF No. 2-7 [hereinafter, "Powell Decl."], ¶ 8 (discussing five-and-a-half hour wait time for phone call).  No Individual Plaintiff has asserted a near-term "life [or] death" consequence, except in a conclusory manner, that might qualify for extraordinary relief.  *See, e.g.*, Olivero Decl. ¶ 26 ("The recent cuts to SSA staff and field offices threaten my life and livelihood."); Schoch Decl. ¶¶ 21–29 (describing difficulties with receiving guidance about an application but not asserting any termination or diminution of benefits); Decl. of William Weiss, ECF No. 2-6, ¶¶ 6–11 (describing difficulties challenging benefits termination seemingly due to unresolved overpayment occurring one year ago); Powell Decl. ¶¶ 7–12 (discussing confusion about receipt of "provisional" payments about which she inquired in February 2025, before any reduction in workforce); Decl. of Wilshawn Tiller, ECF No. 2-8, ¶ 21 (fearing that "recent cuts to SSA staff and field offices threaten my life and my family's livelihood" because a pre-existing 17-month delay could extend even longer).[3]

Plaintiffs further assert that the recent changes have denied them "statutory rights," but when discussing irreparable harm, they do not identify a specific statutory right.  Pls.' Mot. at 35.

---

[3] Plaintiffs have submitted various additional declarations from persons who are not named Individual Plaintiffs. *See, e.g.*, Decl. of Kamilah Sharif, ECF No. 2-9, ¶ 13 (discussing untimely receipt of benefits in March 2025).  Their declarations cannot establish irreparable harm because "[t]he *party* seeking a preliminary injunction must" demonstrate irreparable harm. *League of Women Voters of United States v. Newby*, 838 F.3d 1, 7 (D.C. Cir. 2016) (emphasis added).

Nor do they point to any Individual Plaintiff's declaration to prove a violation. *Id.* They cite to D.C. Circuit case law that certain *constitutional* violations amount to irreparable harm, *see id*. at 33–34, but Plaintiffs have not specified in their opening brief what constitutional injury they have suffered, Compl., ECF No. 3-3, ¶ 229 (baldly asserting an infringement of "constitutional rights"). In their reply, Plaintiffs argue in passing that the denial of equal treatment itself counts as an injury warranting preliminary injunction, but no Individual Plaintiff alleges that they suffered such injury. Pls.' Reply in Support of Pls.' Mot., ECF No. 29, at 23.

Individual Plaintiffs also do not describe any injury arising from the dissolution of OCREO or the Office of Transformation. No Individual Plaintiff, for example, claims to have recently tried to file a discrimination complaint or request an accommodation from the SSA. And no Individual Plaintiff has said how eliminating the Office of Transformation has impacted them personally.

B.   **Organizational Plaintiffs**

The Organizational Plaintiffs fare no better in showing irreparable harm. To establish such injury, a plaintiff organization must demonstrate that the "actions taken by the defendant have perceptibly impaired the organization's programs." *League of Women Voters of United States v. Newby*, 838 F.3d 1, 8 (D.C. Cir. 2016) (cleaned up) (citations omitted). If such impairment is established, the plaintiff also must demonstrate that the defendant's actions "directly conflict with the organization's mission." *Id.* (internal quotation marks and citation omitted).

Organizational Plaintiffs have not satisfied either inquiry. Without referring to any supporting declaration, they simply assert that "Organizational Plaintiffs and their members will suffer [harms] as a result of SSA's illegal cuts." Pls.' Mot. at 39. That is not enough.

Even if the court were to consider Plaintiffs' uncited declarations, they fall short. For instance, the declaration submitted on behalf of Plaintiff National Federation of the Blind

5

asserts that the changes at the SSA have caused it to "divert resources from its core activities," such as issue advocacy, to assist members, but it provides no specifics that would permit the court to find "perceptible impairment." Decl. of Mark Riccobono, ECF No. 2-16, ¶¶ 15, 19. Nor does the declaration establish a "direct conflict" between the agency actions and the Committee's mission. Other Organizational Plaintiffs' declarations are similarly lacking in detail and support. *See, e.g.*, Decl. of Max Richtman, ECF No. 2-12, ¶¶ 17, 20 (Plaintiff National Committee to Preserve Social Security and Medicare); Decl. of Anna Bitencourt Emilio, ECF No. 2-18, ¶ 9 (Plaintiff Deaf Equality).[4]

## IV.   CONCLUSION AND ORDER

As Plaintiffs have not carried their burden to demonstrate irreparable harm, the court need not reach the other injunction factors. Plaintiffs' motion is denied.

Dated: May 6, 2025

Amit P. Mehta
United States District Judge

---

[4] Plaintiffs American Association of People with Disabilities and Massachusetts Senior Action Council did not submit declarations with Plaintiffs' opening brief.