IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN ASSOCIATION OF PEOPLE WITH DISABILITIES, *et al.*,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>FRANK BISIGNANO, *in his official capacity as Commissioner of the Social Security Administration*, *et al.*,<br><br>　　　　Defendants. | No. 25-cv-977 (APM) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO FILE UNDER SEAL AND FOR PROTECTIVE ORDER**

　　Defendants take no position on the bulk of Plaintiffs' Motion to File Under Seal and for Protective Order," ECF No. 41, largely deferring to the Court on whether Plaintiffs have met their burden to overcome the strong presumption of open access to judicial proceedings under these circumstances, *see United States v. Hubbard*, 650 F.2d 293, 317 (D.C. Cir. 1980).  Much of the information at issue—such as the Individual Plaintiffs' ages, places of employment, and medical conditions—appears unlikely to be particularly relevant to the briefing in this case at this juncture.  Defendants submit this brief response, however, to address three aspects of Plaintiffs' motion that fall short of the applicable standards.

　　First, Plaintiffs seek to redact the names of individual members of the Organizational Plaintiffs on which those organizations rely to establish standing.  *See, e.g.*, First Am. Compl. (FAC) ¶¶ 151, 153.  But the Individual Plaintiffs have publicly identified themselves by name since the outset of this case.  They offer no basis to conclude that the members of Organizational Plaintiffs should be permitted to proceed pseudonymously—an issue their motion does not address at all.

1

Second, Plaintiffs seek to redact their cities and even states of residence, and the locations of Social Security field offices that are the subject of some of their complaints. *See, e.g.*, FAC ¶¶ 21-27, 98, 151; *see also* Rouse Decl., ECF No. 2-2, ¶ 9; Richtman Decl., ECF No. 29-8, ¶ 7. But having chosen to place these matters in dispute, in a way likely to be addressed in future briefing—alleging, for instance, that cuts affecting specific field offices led to their injuries, *see, e.g.*, FAC ¶¶ 75-76; Rouse Decl. ¶¶ 9-11—Plaintiffs fall short of their burden to show a compelling need to shield these details from the public. *See, e.g.*, *Am. President Lines, LLC v. Matson, Inc.*, -- F. Supp. 3d --, 2025 WL 870383, at *29 (D.D.C. Mar. 19, 2025) (quoting *Hubbard*, 650 F.2d at 321) ("The single most important element' in the unsealing analysis is 'the purpose[] for which the documents were introduced.'").

Third, even if some form of protective order were appropriate, the one that Plaintiffs seek is not only one-sided—placing obligations on Defendants, but not Plaintiffs—but unreasonably vague. Plaintiffs ask the Court to order that "Defendants [1] are prohibited from disclosing all current and future Plaintiffs' identities to third parties unless necessary for defense and [2] are required to redact all personally identifying information in filed documents." Pls.' Prop. Order, ECF No. 41-2 ¶ 3. But Plaintiffs have already disclosed their "identities" by publicly revealing their names, and they offer no definition of "personally identifying information," so Defendants' obligations under such an order would be unclear. Indeed, Plaintiffs themselves have not consistently redacted certain information they appear to consider identifying. *See, e.g.*, Mem. in Supp. of Pls.' Mot. for Prelim. Inj., ECF No. 2-1, at 21 (listing Plaintiffs' disabilities); Decl. of Wilshawn Tillers, ECF No. 2-8, ¶ 7 (discussing medical conditions).

As noted, subject to the exceptions above, Defendants take no position on the bulk of Plaintiffs' motion, and if the Court deems it appropriate would refrain from referencing in

unredacted form the information that Plaintiffs have themselves redacted. But if the Court determines to enter a protective order, it should not adopt the vague form that Plaintiffs propose, which places no obligations on them and leaves Defendants' obligations unclear.

## CONCLUSION

Plaintiffs' motion should be denied in part for the reasons set forth above.

DATED: July 14, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC BECKENHAUER
Assistant Branch Director

*/s/ Steven M. Chasin*
STEVEN M. CHASIN
PIERCE J. ANON (N.Y. Bar No. 6184303)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005

*Counsel for Defendants*